## Commonwealth v. Woods, Appellant.

Argued April 24, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Bradley McK. Burns,* with him *Stewart P. McConnel,* for appellant.

*Carl E. Glock,* with him *Reed, Smith, Shaw & McClay,* for appellee.

OPINION BY RENO, J., July 19, 1945:

The testimony amply justified the finding by the court below that appellant had deserted his wife, and the order of support will be affirmed.

Only one question merits notice. Prior to the de-

346

sertion, appellant executed a "Deed of Gift" to his wife. By it he assigned to her one-half of the income accruing to him out of the estate of his deceased father after the death of his mother. Upon the mother's death, the wife presented the instrument to the trustee of the father's estate. According to relatrix' history of the case, as printed in her brief, appellant notified the trustee that he had "avoided, canceled and nullified said assignment", and directed it to refuse to recognize the assignment. This statement is not supported by any evidence in the attenuated printed record which, by stipulation of the parties, does not contain the entire record. Be that as it may, the trustee made no payments to her under the assignment until after this appeal was taken when, in lieu of a supersedeas bond, the parties agreed that the trustee should make payments out of the father's estate, and other estates in which appellant was interested, to relatrix and appellant.

Because relatrix proceeded upon the assignment by lodging it with the trustee, appellant contends that she pursued one of the remedies available to her, and that having thereby made an election, she is bound by it, and cannot maintain a prosecution for support. Certainly, she cannot have both; she cannot have adequate support under the assignment and also under a court order; but appellant's position is that she shall not have the order merely because she proceeded unsuccessfully upon the assignment. The contention cannot be adopted. If relatrix, prior to the institution of the prosecution, had recovered under the assignment an amount adequate for her support, she would not have been entitled to an order for support. *Com. v. Smith*, 200 Pa. 363, 49 A. 981. But until she does realize upon the assignment she is not barred from the remedy provided by the non-support statutes. When she collects upon the assignment, or when she is otherwise adequately supported, the court below will modify or revoke its order.

Order affirmed.